28 F.3d 1211
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Larry Blake MOFFITT, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony Cliff HALLETT, Defendant-Appellant.
 Nos. 93-5706, 93-5741.
 United States Court of Appeals, Fourth Circuit.
 Argued April 14, 1994.
Decided June 9, 1994.
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., Chief District Judge. (CR-93-8)
 Thomas H. Johnson, Jr., Gray, Moses, Newell & Johnson, Greensboro, N.C., for appellant Hallett;
 Walter T. Johnson, Jr., Greensboro, N.C., for appellant Moffitt.
 Michael Francis Joseph, Asst. U.S. Atty., Greensboro, N.C., for appellee.
 On Brief: Benjamin H. White, Jr., U.S. Atty., Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before HALL and MICHAEL, Circuit Judges, and GODBOLD, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Defendants Moffitt and Hallett were convicted of conspiracy to distribute cocaine and cocaine base during a period from on or about March 1988 through December 1991, in violation of 21 U.S.C. Secs. 841(a)(1), 846, and 841(b)(1)(A). Hallett was sentenced to life and Moffitt to 360 months.
 
 Hallett
 
 2
 The district court did not err in denying Hallett's motion for judgment of acquittal. Substantial evidence, taken in the light most favorable to the government, tended to show that Hallett was guilty beyond reasonable doubt. The testimony of Williams, Watts and Hardy tended to prove not merely Hallett's guilt but that he was the ringleader.
 
 
 3
 This court has sustained the validity of the 100-1 ratio described by the Guidelines as equivalent weights of crack and powdered cocaine. United States v. Bynum, 3 F.3d 769 (4th Cir.1993), cert. denied, 114 S.Ct. 1105 (1994).
 
 Moffitt
 
 4
 The PSI recommended that Moffitt be held accountable for all drugs distributed during the conspiracy from 1988 to 1992. The trial judge did not accept this. He excluded amounts distributed in the fall of 1988 and from January to November 1989 on the ground that it was not shown that during these periods Moffitt was a member of the conspiracy or that he made an agreement to distribute. The judge excluded distributions made in Kentucky during December 1991 and January 1992. He included amounts distributed in North Carolina between December 1989 and November 1990 and other amounts distributed between December 1990 and April 1991. The largest quantity of material considered by the court with respect to Moffitt was 5,000 grams of cocaine and 5,000 grams of crack, delivered to North Carolina in the period December 1990--April 1991. The 5,000 grams of crack, at the 100-to-1 ratio, had an equivalent of 100,000 grams of marijuana. This amount was the principal component bringing Moffitt to Level 40 under Guideline 2D1.1.
 
 
 5
 The evidence sustains that for the December 1990--April 1991, period, Moffitt was a member of the conspiracy and that he either agreed to distribute or assist in the distribution of large amounts or foresaw such amounts. Some of the evidence does not precisely target the period. Jamie Williams testified that he dealt with Moffitt in 1990 and delivered to him three to five ounces out of each package of 18 ounces that he (Williams) received, which was every two to three weeks (App. I, p. 27). He described his delivering drugs to Moffitt at Moffitt's home (Id. at p. 28). In July 1990 Williams increased the amount of each shipment to 30 ounces, which he distributed to "all of the people that I was distributing them to" (Id. at p. 29). Five or six times Moffitt drove Williams to communities where Moffitt was selling his cocaine or crack (Id. at p. 30-31). This built a relationship of trust that caused Williams to feel Moffitt was capable of handling what he was doing and could handle the money involved (Id. at p. 31).
 
 
 6
 Against this historical background of past dealings there is specific evidence of Moffitt's role during the December 1990--April 1991 span. Williams testified that in December 1990 he began getting larger shipments, half a kilo of cocaine and half a kilo of crack each two weeks, because it was more in demand: "Yancey (William Hardy) needed more. Larry (Moffitt) needed more." (Id. at p. 33). Williams continued to receive the shipments of half kilo of cocaine and half kilo of crack until April 1991 (Id.).
 
 
 7
 This evidence was sufficient to support agreement by Moffitt to distribute or assist in distribution or actual distribution during the critical period.
 
 
 8
 The convictions and sentences of Hallett and Moffitt are
 
 
 9
 AFFIRMED.